HARRIS *v.* KNICKERBACKER, 5 Wend. 638.

In Ch. *K* v. *H.* 1 Paige, 209.

*Specific Performance ; Parol Contract for Land.*

THIS was a bill for specific performance.

Harris the defendant below, agreed in September 1815, to purchase of K., a lot of land supposed to contain about 100 acres. He was to pay $21 50 for the land, the quantity to be ascertained by actual survey, and to be paid for in 7 equal annual payments. The complainant K., was to have the land surveyed, and to give a deed to the defendant on his paying $300 or more of the purchase money, and giving a bond and mortgage for the residue. The bill alleged that the purchaser was to pay interest from the time of the purchase. The defendant answered that he had no knowledge, remembrance, or belief, that by the terms of the original bargain, any interest was to be paid. But *one* of the defendant's witnesses testified that he understood from him that he was to pay interest after the first payment became due on the 20th of December, 1815. The contract was not reduced to writing; but the defendant went into possession of the land under the agreement, and continued so until February, 1824. On the 23d December, 1815, the defendant made a payment toward the land, and took a receipt from the plaintiff in the words following : "Received this 23d December, 1815, of

John Harris, $333 in part payment of a piece of land, which I am to deed to him, lying, &c., which conveyance is to be made, as soon as the land can be run out.  John Knicker-backer, junior."  The defendant continued to make payments toward the land from time to time, until August, 1821, and took receipts therefor, of the same purport.  Several surveys were attempted, but the parties could not agree as to the location and boundaries of the lot.  In the fall of 1823, the complainant tendered a deed to the defendant and demanded payment or security for the balance of the purchase money. The defendant refused to accept the deed, alleging it contained too much land, and that the complainant had included too much interest in the balance claimed to be due.  In January, 1824, the bill was filed to compel a specific performance, and in February thereafter, the defendant made a formal demand for a deed, but made no tender or offer to pay the balance then due.  The complainant declined to give him any other deed than the one offered before; whereupon the defendant gave him a written notice that he considered the contract at an end, and demanded repayment of his money. He then commenced a suit at law for its recovery, which was stayed by an order of the Court of Chancery.

The Chancellor held, that the contract as to the purchase of the land was good, and that neither party could take advantage of its not being in writing; that the defendant's demand made after the bill filed, was a nullity, and that the contract was not thus rescinded, and that the *single* witness of the defendant, was sufficient to establish the contract as to interest, as stated in the bill, the defendant having only denied it on *knowledge and belief*, and the Chancellor decreed a specific performance accordingly.

The Court of Errors *reversed* the decision, holding that the answer sufficiently denied the agreement as to interest, and that the evidence of the one witness was not sufficient to destroy the effect of the denial in the answer.

But *leave* was given the complainant to *amend* his bill so as to make it conform to the terms of the contract, as admitted by the answer of the defendant; upon such terms as to costs in the court below, as the Chancellor should direct.